In the Matter of LA FONTAINE PROPERTIES, INC., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Bronx County, September 6, 1951.

*Israel Godiner* for petitioner.

*Jacob Granat* for tenant.

*Robert H. Schaffer* for respondent.

MATTHEW M. LEVY, J. The local rent administrator established the maximum rent for the apartment in question at $34.50 per month. The tenant protested. The State Rent Administrator granted the tenant's protest, revoked the order of the local administrator and established the rent at $25. The land-

lord petitions the court, pursuant to article 78 of the Civil Practice Act, to review the determination of the State Administrator, asks for its annulment, and seeks the reinstatement of the order of the local administrator.

The landlord had requested relief before the Temporary State Housing Rent Commission pursuant to section 36 of the Rent and Eviction Regulations of the commission. The State Administrator, in making his *de novo* review, considered the landlord's application pursuant to subdivision 1 of section 33 of the regulations, in accordance with the established policy of the commission to invoke what it considered the appropriate section. After the institution of the present judicial proceeding, the State Administrator considered the problem further and is now of the view that section 36 was properly utilized but that it was not correctly applied by the local administrator.

The State Administrator has accordingly requested the court to remit the matter for further administrative determination pursuant to subdivision 1 of section 8 of the State Residential Rent Law (L. 1946, ch. 274, as amd.). The landlord objects upon the basis that, since the State Administrator has thus admitted error in reversing the local administrator upon the ground specified, the matter — now being *sub judice* — should be completely determined by the court, and the order of the local administrator reinstated. The tenant objects upon the ground that the State Administrator is in error in admitting error, and that as his determination is correct it should not be disturbed by the court. The tenant further urges that the State Administrator having indicated before me the procedure he intends to follow and the decision he intends to make upon a rehearing — and that since his proposed final action is illegal — the court should eliminate circuity of litigation by resolving the issues judicially.

In a proceeding such as this the aid of the court is importuned to review a determination of an administrative tribunal at its highest level. I doubt whether the court would have jurisdiction, under article 78 of the Civil Practice Act, to review the intermediate determinations of the lower echelons of the administrative machinery, unless, and except insofar as, the procedure there followed and result there obtained received the ultimate imprimatur of the chief administrator. I conceive it to be the initial function of the State Administrator, when making his determination, to review directly or by way of *de novo* decision the acts of the local administrator. To hold otherwise would disrupt the mechanics sought to be established by the present statutory setup, and would unduly burden the court in

cases where appropriate relief is available under the administrative process. As an indication as to how far the Legislature has gone in its desire to keep inviolate the smooth and appropriate functioning of the present administrative machinery, I need but point to that section (State Residential Rent Law, § 9, subd. 1, " Judicial Review ") which provides that even were new or additional evidence sought to be presented to the court in this proceeding, and the court determined that such evidence should be admitted, it is for the commission — not the court — to decide whether that evidence should be presented directly to the Judge or in the first instance to the administrator. I therefore cannot agree with the landlord who urges me to reinstate the local administrator's order. Whether that order is right or wrong should initially be determined by the top administrator as a matter of internal process.

It was urged by the petitioner on the oral argument, when I raised this point, that higher judicial tribunals often have occasion in the same judgment not only to reverse the decision of an intermediate appellate tribunal but to reinstate the original holding — and that is what I am in effect asked to do here. But this argument overlooks some very important factors differentiating the two types of cases. There is a blending of legislative, executive and judicial functions in administrative machinery; that does not obtain in the judicial system. Under the framework of the present statute, the local administrator is a subordinate of the State Administrator. In the judicial hierarchy, on the other hand, the lower court's decision is subject to appellate review, but there is usually no other directive element, and each court is generally free and independent from the other, whether that other is an inferior, co-ordinate or superior judicial tribunal. When a nisi prius decision is reviewed in our appellate courts, the lower tribunal is not a party, makes no argument and submits no brief, and cannot participate in any way to sustain or correct its judgment. On the other hand, when the court is asked to review the decision of an administrative tribunal, the administrator is a necessary party, generally a vigorous antagonist, whose function it is to support his determination and whose duty it is to confess error when there is such error. There are other basic and fundamental distinctions between the process of internal review administratively and that of appellate review judicially, but enough have been mentioned to indicate the absence of a governing parallel.

Insofar as the tenant's contention is concerned, the State Administrator, it is true, admitted error; but he went further — he made clear in what way the error confessed was made, and has asked for leave to reconsider. That opportunity should be granted. I cannot assume that his final action will be arbitrary or capricious or illegal, which are the general criteria for judicial intervention. The fact that on the papers or argument before me the administrator indicated his probable future course, if his application to remit were granted, does not justify my assuming that his order will follow his tentative thinking nor permit me to pass judgment upon that final order in advance of its having actually been made. In thus disposing of the tenant's argument, I am not to be understood as saying that the administrator's proposed action is or is not correct — I simply have not undertaken to study or pass upon it at this time.

The 1951 amendment (L. 1951, ch. 443) to subdivision 3 of section 4 of the State Residential Rent Law (upon which section 36 of the Regulations is primarily based) specifically changed the law so as to empower the commission to fix the maximum rent in any particular case, " having regard to the maximum rents for comparable housing accommodations *or* [instead of ' *and* ', as theretofore contained in paragraph (a) of subdivision 1 of section 4] any other factors bearing on the equities involved " (italics mine). The local administrator in this case apparently utilized one alternative, and the State Administrator the other. I do not now pass upon which is right, or whether the commission has a choice, or whether this section is applicable to the facts in the instant case. I leave that in the first instance to the commission.

The principal attorney in charge of the protest section of the commission, in his affidavit, has requested that I " remit this matter to the Local Rent Administrator for further administrative determination ". For the reasons which I have expressed earlier in discussing the relationship of the court to the internal administrative setup, I shall instead remit the matter to the Temporary State Housing Rent Commission. This is more in keeping with the language of the statute — which indicates that the proper procedure is " to remit the proceeding to the commission ". Whether, as a matter of internal policy or procedure, the State Administrator desires to remit the matter further down the ladder is up to him.