In the Matter of PAUL SCHOENSTEIN, as Chairman of the Tenants Committee of Tenants of 210 West 78th Street, New York, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, and PEMA REALTY Co., INC., Intervener, Appellant.

First Department, February 26, 1952.

Lester R. Bachner of counsel (Bernard A. Saslow with him on the brief; Koenig & Bachner, attorneys), for intervener-appellant.

Edward A. Lipton for petitioner-respondent.

Beatrice Shainswit of counsel (Robert H. Schaffer, attorney), for Joseph D. McGoldrick, as State Rent Administrator, respondent.

SHIENTAG, J.   This appeal is by a landlord (the intervener, respondent) from an order of the Special Term in a proceeding under article 78 of the Civil Practice Act which, on application of the respondent State Rent Administrator and with the consent of the petitioners (the tenants), remitted the proceeding to the Administrator for further consideration and review.   The landlord, intervener, contends in effect that the court was without power to remit the proceedings until (1) issue had been joined by answer of the State Rent Administrator and the filing of the transcript of the proceedings before him, and (2) that in any event the Special Term abused its discretion in remitting the proceedings primarily because the petition of the Rent Administrator requesting that relief failed adequately to state the reasons therefor.

We hold that the Special Term, at any stage of the proceedings, has the right to remit the same to the administrative agency; that this right was explicitly authorized by statute (State Residential Rent Law [L. 1946, ch. 274, as amd.], § 9, subd. 1). There is no requirement in that statute that the transcript must be filed before the court may remit a case. Many are the cases in which the courts, without recourse to any statutory authority, in the exercise of inherent power, have remitted cases to administrative agencies without reaching any decision on the merits, on the agency's request that it be permitted to correct some error of judgment or mistake in the record or take additional testimony. (Cf. *Ford Motor Co.* v. *Labor Board,* 305 U. S. 364.) *Matter of Cupo* v. *McGoldrick* (278 App. Div. 108) has no application to the situation here under consideration.

One of the reasons for setting up administrative agencies is to enable them to deal with problems delegated to them by means of a practice and procedure flexible and more or less informal in character. Within limitations, a certain degree of continuing jurisdiction for reconsideration and review and the taking of additional testimony is contemplated and indeed is necessary in order that the agency may function efficiently and render substantial justice to the parties concerned. It is true that the application for remission may be criticized because it fails sufficiently to give the reasons why the State Rent Administrator desires to have the proceedings sent back for further consideration. Such reasons, however, are apparent from an examination of the record as a whole and there is nothing to indicate that the conduct of the agency is vexatious or harassing in nature. We see no purpose, therefore, to be served in this case by reversing the order below and requiring the State Rent Administrator to furnish a more adequate statement of his reasons for the remission of the proceedings. The order should be affirmed, without costs.

DORE, J. (dissenting). In this article 78 proceeding brought by petitioner representing tenants of an apartment house to review and annul a determination of the State Rent Administrator granting the landlord's protest and revoking orders of the local rent administrator who had previously granted all the tenants a reduction in rents because of alleged reduction in services, the landlord appeals from an order of Special Term remitting the matter to the State Rent Administrator at the Administrator's request for further consideration and determination on " new evidence " submitted.

Seventeen of the tenants gave a voluntary increase in rent of 15%; but eighteen others have never consented to any increase and have been paying rent frozen for the landlord at the nadir of the depression in March, 1943; the landlord is not seeking any increase; these tenants were and are now seeking a *decrease* in such rent.

After a careful review of all the evidence in the record and after considering the matter *de novo*, the State Rent Administrator in a comprehensive order and opinion (covering fifteen pages of the printed record herein) revoked on May 14, 1951, the orders of the local rent administrator and established the rents in the same amounts as they were prior to the orders of reduction. In such final order and opinion, the State Rent Administrator pointed out that the additional doorman furnished by the landlord pursuant to the so-called settlement in 1948 served only to the end of December, 1948; but the tenants herein did not apply for relief until two and a half years later when the proceeding before the State Administrator was begun in May, 1950.

The tenants brought this proceeding to review under article 78 the State Rent Administrator's order by a petition verified June 7, 1951. After answer filed by the landlord, an attorney in the State Rent Commission filed an affidavit requesting the court to remit the case to the State Rent Commission for further consideration. He stated that there was a serious factual issue as to an agreement between the landlord and the tenants in March, 1948. The tenants contend that the landlord obligated itself to furnish sixteen-hour lobby service; the landlord claimed that such agreement was conditioned on a voluntary increase of 15% of the rents on the part of the eighteen tenants who had not agreed to pay any increase. The attorney's affidavit further stated that after a conference on June 18, 1951, " further written evidence " was submitted to the commission " of great probative value " in determining the issues. The affidavit, however, fails to give any indication of what such evidence is.

Under the statute in a proper case, the court in its discretion has power " to remit the proceeding to the Commission " (State Residential Rent Law, § 9, subd. 1); but in our opinion this record does not disclose any rational, legal basis for such remission. Very recently this court in *Matter of Cupo* v. *McGoldrick* (278 App. Div. 108) held that the State Rent Administrator during an article 78 proceeding should not, on his own motion, rescind his determination then under review by the

court, and remand the matter to himself for further hearing. In this case the Administrator does not attempt, *sua sponte,* to revoke his determination, but asks remission to him of the issues. However, before a court can pass intelligently upon such request on the ground of newly discovered and important evidence, the nature of that evidence should be factually revealed. After full and formal determination of all the issues by the Rent Commission and without any factual disclosure by him of additional evidence shown to be material and competent, the court should not have remitted the matter to the Administrator at his request. If administrative bodies after full consideration of all the evidence and a final determination on the merits, may have matters remitted to the administrative bureau, during review by the court without factually revealing any ground that the court can rationally consider, " there never would be an end to administrative procedure or litigation " (*Matter of Cupo* v. *McGoldrick, supra,* p. 112). Such action is at least akin to what we recently condemned in the *Cupo* case.

When the Administrator files his return and transcript, Special Term should, as the petition itself requests, consider the issues of fact and law " on the merits "; and if necessary, conduct a hearing to determine whether the Rent Administrator's determination of May 14, 1951, should be modified, corrected or annulled.

Accordingly we dissent and vote to reverse the order appealed from and deny the request of the State Rent Administrator for remission.

COHN and BERGAN, JJ., concur with SHIENTAG, J.; DORE, J., dissents in opinion in which PECK, P. J., concurs.

Order affirmed, without costs. [See *post,* p. 906.]