In the Matter of MARIE AMUTULLA, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

First Department, March 25, 1952.

*Ludwig M. Wilson* for appellant.

*John V. Browne* of counsel (*Robert H. Schaffer,* attorney), for respondent.

*Per Curiam.* Petitioner owns a three-family house, which she acquired in August, 1947. For three years thereafter, she, her husband, and her unmarried adult son occupied the basement apartment of four rooms, consisting of a kitchen, living room and two bedrooms. In the late spring of 1950, a married son, his wife, and their child moved into the same apartment.

Setting forth these circumstances, petitioner on June 22, 1950, applied to the Temporary State Housing Rent Commission for a certificate of eviction against a tenant who occupied the first-floor apartment of five rooms. The Local Administrator denied the application " without prejudice to the filing of another application if other facts can be shown which warrant the relief ". This ruling was affirmed by the State Rent Administrator.

The present proceeding, instituted on January 23, 1951, was for the issuance of a certificate based on the facts stated together with proof that during the intervening six-month

period the son William Amatulla, and his wife and child, along with petitioner, her husband and an unmarried son were still living in an overcrowded condition in the four rooms on the ground floor. The Local Administrator granted the second application, holding that petitioner was acting in good faith, and that she had an immediate and compelling necessity for the use and occupancy of the housing accommodations for her married son William Amatulla and his immediate family. On protest of the tenant the State Rent Administrator denied the certificate of eviction upon the ground that there had been no fundamental change in the basic facts.

As the landlord has clearly demonstrated an honest intention of seeking the premises for a member of her family, who is unquestionably under a compelling necessity for its use, as substantiated by their having lived under these crowded conditions from June 22, 1950, until and after the commencement of this proceeding on January 23, 1951, petitioner was entitled to a certificate of eviction. Such a test of good faith was approved by the Court of Appeals in *Matter of Rosenbluth* v. *Finkelstein* (300 N. Y. 402, 405 [FULD, J.]).

The order appealed from should be reversed, without costs, and the application granted. Settle order.

COHN, J. P., CALLAHAN, VAN VOORHIS, SHIENTAG and FOSTER, JJ., concur.

Order unanimously reversed, without costs, and the application granted. Settle order on notice.