In the Matter of ROSE YASSER, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— An application by the landlord for a certificate of eviction to obtain possession of petitioner's apartment for the landlord's daughter and her husband and two infant children, was denied by the State Rent Administrator on the ground that the landlord was not acting in good faith but in retaliation against petitioner because of disputes and litigation between them. The daughter and her family occupied a three-room apartment with but one bedroom. An article 78 proceeding brought by the landlord to review the administrator's determination terminated in an order, made at the administrator's request and with the landlord's consent, remitting the

matter to the administrator "for further consideration". Thereafter, a new conference was held before the rent commission, at which the landlord and tenant appeared with counsel, and substantially the same evidence was adduced as had previously been presented to the commission. The administrator, however, reversed his prior determination and directed the issuance of a certificate of eviction. The instant proceeding was then instituted by the tenant to review that determination and resulted in an order vacating the administrator's order and denying the certificate of eviction, the court holding in substance that the administrator was without power to reverse himself, on the same proof, in the absence of fraud, illegality or irregularity in vital matters. Order reversed on the law and the facts, with $10 costs and disbursements, and petition dismissed, without costs. The State Rent Administrator had the authority to reconsider the matter *de novo,* on the remission by the Supreme Court (cf. *Matter of Schoenstein* v. *McGoldrick,* 279 App. Div. 395 and *Matter of Grodofsky* v. *McGoldrick,* 279 App. Div. 914, aff'd. 304 N. Y. 710); and his final determination that the landlord sought in good faith to recover possession of the housing accommodations because of immediate and compelling necessity was warranted by substantial evidence. (Cf. *Matter of Simon* v. *McGoldrick,* 279 App. Div. 760; *Matter of Natalicchio* v. *McGoldrick,* 279 App. Div. 796, affd. 304 N. Y. 931, and *Matter of Amutulla* v. *McGoldrick,* 280 App. Div. 36.) Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.