In the Matter of BEHOR ESPRIEL et al., Respondents, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant, and JULIUS ALBALA, Intervener, Appellant.— The landlords, respondents on this appeal, applied for a certificate of eviction, to obtain possession of an apartment, occupied by the intervener, appellant, for their son and his family. The application was made on the ground, which is undisputed, that the son had received a notice to vacate the apartment occupied by him in a New York City housing project

because his income exceeded the limits permissible under the applicable statutes, rules and regulations. The tenant opposed the application, claiming that it was not made in good faith, but in retaliation for his complaint that the landlords had exacted an illegal bonus as a condition to renting the apartment, resulting in the conviction of one of the landlords on that charge. The application was granted by the local rent administrator and on the tenant's protest that action was affirmed by the State Rent Administrator, who found that the application was not retaliatory and that immediate and compelling necessity had been established. An article 78 proceeding, brought by the tenant to review the determination of the State Rent Administrator, terminated in an order, made at the administrator's request and with the tenant's consent, remitting the matter to the administrator "for further consideration". Thereafter, a new conference was held before the rent commission, at which the landlords and tenant appeared with counsel, and substantially the same evidence was adduced as had previously been presented to the commission. The administrator, however, reversed his prior determination and revoked the previously issued certificate of eviction, holding that the application was retaliatory and not made in good faith, and that immediate and compelling necessity had not been established. The latter finding was based upon the fact that the landlords' son had received a number of extensions of the notice to vacate, and was still in possession of his apartment in the city housing project. The instant proceeding was then instituted by the landlords, in which proceeding the tenant was permitted to intervene, and resulted in the order under review, vacating the administrator's determination and directing the issuance of a certificate of eviction, the court holding in substance that the administrator was without power to reverse himself, on substantially the same proof, in the absence of fraud, illegality or irregularity in vital matters. Order reversed on the law and the facts, without costs, determination of the State Rent Administrator annulled, without costs, and the matter remitted to the administrator for reconsideration *de novo* and for such further action as may not be inconsistent herewith. The State Rent Administrator had the authority to reconsider the matter on the remission by the Supreme Court. (*Matter of Yasser* v. *McGoldrick*, 282 App. Div. 1056.) In our opinion, however, his determination that immediate and compelling necessity had not been established, merely because the landlords' son was still in possession of his apartment and eviction proceedings against him had not been instituted, was arbitrary and unreasonable where, as here, it is undenied that the son may not legally continue in occupancy of his present apartment, that possession has been demanded and eviction proceedings threatened. We are also of the opinion that possible ill feeling between the landlords and the tenant, standing alone, is not sufficient to justify a denial of 'a certificate of eviction, but is a fact which should be considered, together with all other relevant facts and circumstances, in determining whether the application is made in good faith because of immediate and compelling necessity to obtain possession for use and occupancy by the landlord or the member of his immediate family for whom the accommodations are sought. (Cf. *Matter of Rosenbluth* v. *Finkelstein*, 300 N. Y. 402; *Janise* v. *Bryan*, 89 Cal. App. 2d 933; *Staves* v. *Johnson*, 44 A. 2d 870 [D. C.], and *Nofree* v. *Leonard*, 327 Ill. App. 143.) Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur. [See 283 App. Div. 670.]