■ In the Matter of ROBERT FREYMANN, Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant, and CLAUDE ARPELS, Intervenor-Appellant.— Order annulling a final order of the State Rent Administrator is unanimously reversed on the law, the determination of the Administrator is reinstated, and the petition is dismissed, with $20 costs and disbursements to appellants. Pursuant to subdivision 18 of section 9 of the State Rent and Eviction Regulations, the Administrator determined that there were five persons in the tenant's family and 11 rooms in the apartment, excluding two rooms occupied by two maids as service employees. As a consequence, it was found that the housing accommodation was underoccupied and thus became decontrolled as a luxury apartment. There was a dispute before the Rent Commission as to the status of one Patricia Bousson, who, the tenant claimed, was a tutor and dance instructor to the tenant's children and resided with the tenant's family. The Administrator's finding that Bousson was not a service employee of the tenant, within the meaning of subdivision 18 of section 9 of the State Rent and Eviction Regulations, was considered by Special Term to be " arbitrary, capricious and unreasonable ", and the determination was annulled. The record shows that Miss Bousson was permitted to obtain outside employment to the exclusion of the tenant's hiring; that she did from time to time engage in such outside employment which required travel and absence from the city; that Miss Bousson was the one who determined when and where she would undertake such other employment; that no social security tax was paid for her nor any withholding deduction made; and that at the time of the hearing she had been on a vacation for the past two months. Her compensation, when she worked, was $12 per week. She neither appeared as a witness nor submitted an affidavit to support the tenant's claim as to her employment status. We cannot say there was no reasonable basis for the Administrator's determination. Since there were reasonable grounds to support the finding of underoccupancy, the courts may not upset the Administrator's determination and substitute their own judgment. (Matter of *Friedman* v. *Weaver*, 3 N Y 2d 123; *Matter of First Terrace Gardens* v. *McGoldrick*, 1 N Y 2d 1.) Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.