Matthew M. Levy, J.
This is a proceeding brought by the landlord-petitioner in pursuance of article 78 of the Civil Practice Act, to review the determination of the Temporary State Housing Rent Commission, which denied a certificate of eviction sought on the ground that the residential apartment in question is underoccupied and, therefore, subject to subdivision. The apartment consists of 10 rooms (inclusive of a kitchen and exclusive of bathrooms) on the eighth floor of 1172 Park Avenue, New York City. The monthly rental is $224.25 (see State Rent and Eviction Regulations, § 57, subd. c).
Section 57 of the State Rent and Eviction Regulations, so far as applicable in other respects, provides for the issuance of a certificate of eviction:
“ Subdivision by alteration or remodeling. A certificate or an order authorizing subdivision shall be issued where the landlord seeks in good faith to recover possession of housing accommodations for the immediate purpose of substantially altering or remodeling them, provided that the landlord shall have secured such approval therefor as is required by law. No certificate or order authorizing subdivision involving alteration or remodeling shall be granted under this section unless the Administrator shall find:
11 a. That such alteration or remodeling is for the purpose of subdividing an under-occupied housing accommodation containing six or more rooms, exclusive of bathrooms and kitchen, into a greater number of housing accommodations consisting of self-contained family units which meet the requirements of Section 11. An apartment may be deemed under-occupied when there is less than one occupant for each room, exclusive of bath *160 rooms, kitchen and three additional rooms. Boomers or boarders who are not members of the tenant’s family shall not be counted as occupants. ’ ’
Upon the return date of the motion before me the commission did not file an answer to the petition, but requested that the matter be remitted to it for 1 ‘ further development and further consideration.” That request was bottomed on the commission’s allegation that, in making its determination, it may have been in error in the following respect: In calculating whether or not there were six occupants of the 10-room apartment, the commission counted the tenant’s recently married daughter, but excluded her husband and their infant child. The daughter eoncededly lives in Hawaii, where the husband, a noncareer member of the United States Marine Corps, occupies a Quonset hut on a Marine base, with his wife and child as a family unit. In the circumstances, it is suggested that all three or none should have been considered occupants of the subject apartment. The landlord petitioner joins in the commission’s request for remission. It is opposed by the tenant intervenor, who asks that the court itself resolve the matter on the record now before it.
The tenant relies upon People ex rel. Finnegan v. McBride (226 N. Y. 252) and Matter of Cupo v. McGoldrick (278 App. Div. 108). In my view, these cases are not relevant for there the Administrator sought, on his own, to change his determination, and did not, as is the situation here, request the court for leave to take further proof and to make a finding thereon (cf. Matter of La Fontaine Properties v. McGoldrick, 200 Misc. 518, 521). More to the point, as I see it, is Matter of Schoenstein v. McGoldrick (279 App. Div. 395, 397, motion for leave to appeal denied 279 App. Div. 906), where Mr. Justice Shientag, for the majority of the court, said:
“ We hold that the Special Term, at any stage of the proceedings, has the right to remit the same to the administrative agency; that this right was explicitly authorized by statute (State Residential Rent Law [L. 1946, ch. 274, as amd.], § 9, subd. 1). There is no requirement in that statute that the transcript must be filed before the court may remit a case.* Many are the cases in which the courts, without recourse to any statutory authority, in the exercise of inherent power, have remitted cases to administrative agencies without reaching any decision on the merits, on the agency’s request that it be permitted to correct some error of judgment or mistake in the *161 record or take additional testimony. (Cf. Ford Motor Co. v. Labor Board, 305 U. S. 364.) Matter of Cupo v. McGoldrick (278 App. Div. 108) has no application to the situation here under consideration.
“ One of the reasons for setting up administrative agencies is to enable them to deal with problems delegated to them by means of a practice and procedure flexible and more or less informal in character. Within limitations, a certain degree of continuing jurisdiction for reconsideration and review and the taking of additional testimony is contemplated and indeed is necessary in order that the agency may function efficiently and render substantial justice to the parties concerned.”
The tenant intervenor, however, urges that, by Amendment No. 76 of May 20, effective June 1,1959, section 104 of the State Rent and Eviction Regulations has nullified the court’s determination in the Schoenstein case. I do not agree with that construction of the regulation. It now reads as follows: ‘ ‘ Modification or revocation of orders on protest. The Administrator, on application of either party or on his own initiative, and upon notice to all parties affected, may, prior to the date that a petition for judicial review has been commenced in the Supreme Court pursuant to Article 78 of the Civil Practice Act, modify, supersede or revoke any order issued by him under these or previous Regulations where he finds that such order was the result of illegality, irregularity in vital matters, or fraud.”
It is plain to me that the regulation as amended was intended to incorporate into the Rent Commission’s own procedures what the courts have heretofore determined the commission could and could not do, absent judicial sanction by way of remission. Indeed, in a note explaining the amendment, the commission wrote: ‘ ‘ Section 104 has been amended in order to make regulatory provision for the limitation upon the Administrator’s power to alter or revoke prior determinations made by him. The Courts in limiting the power of administrative bodies to revoke their determinations or review their own orders have held that 1 Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud ’ [People ex rel. Finnegan v. McBride, 226 N. Y. 252; Matter of Cupo v. McGoldrick, 278 App. Div. 108, 103 N. Y. S. 2d 633].” (See Amendment No. 76 to Rent and Eviction Regulations of Temporary State Housing Rent Commission, Statement of Considerations, p. 4.)
The regulation in question, prior to the 1959 amendment, provided that: “ Modification or revocation of orders on protest. The Administrator, on application of either party or on his own *162 initiative, and upon notice to all parties affected, may, prior to the date that a petition for judicial review has been submitted to, or argued in the Supreme Court pursuant to Article 78 of the Civil Practice Act, modify, supersede or revoke any order issued by him under these or previous regulations.”
It is quite clear that, on its own, the commission has no power because of error, without more, to supersede its order (Matter of Neri v. Temporary State Housing Rent Comm., 7 Misc 2d 24, 27). But it does not follow that the court cannot, in a proper case, permit the commission to do so. The statute specifically provides that in a proceeding such as this “ the court shall have jurisdiction to set aside such * * * order, in whole or in part, to dismiss the petition, or to remit the proceeding to the commission”. (State Residential Rent Law, § 9, subd. 1.) That is to say, that the circumstances in any case may be such that error was committed by the commission which would justify a further hearing before it, and not necessarily require a vacatur, and no less, by the court itself. The critical issue here is not the power of the court in the premises, but whether the facts as presented in the case at bar are such as to require or warrant the exercise of discretion to direct remission. I think that they do.
The tenant claimed occupancy of the subject apartment by six persons. Of these, the status of three was challenged by the petitioner landlord in seeking a determination by the commission that there was under occupancy — a part-time cook, a traveling-salesman son, and the married daughter herein-before referred to. The facts in the record are (to say the least) not overwhelmingly decisive in support of the commission’s holding in respect of all of these claimed occupants, but no error — actual or probable — is confessed by the commission in having arrived at its conclusion insofar as the cook and the son are concerned. In its petition before me, however, the landlord vigorously attacks these two findings — even on the conceded facts — and, if either holding is determined by the court to have been without adequate evidentiary basis (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3; Matter of Everly v. Weaver, 7 Misc 2d 965, 969, 976-977), the commission’s decision as to the residence of the married daughter and her family becomes crucial. The tenant does not allege that his daughter resides elsewhere than with her husband and their child. In computing occupancy, the commission now properly states that all three members of the daughter’s family unit should be counted as occupants or none of them. It states further 1 ‘ that although the present determination may not be incorrect, the *163 foregoing area of inquiry was not fully explored ”, and it therefore asks leave of court to take further proof and to correct the error which it may have made.
A sentence or two in section 9 of the State Residential Rent Law (while not controlling on the facts presented here) give the key, it seems to me, to a resolution of the present issue. There the Legislature provided that, if application be made to the court for leave to introduce certain additional evidence, “ and the court determines that such evidence should be admitted, the court shall order the evidence to be presented to the commission[, and the] commission shall promptly receive the same, and such other evidence as the commission deems necessary or proper ” and, “as a result thereof ”, make “ any modification ” in the order it deems appropriate on the record as a whole. If error then be made by the commission warranting judicial review, the tenant is, of course, not without remedy.
As in Schoenstein, “ there is nothing to indicate that the conduct of the agency is vexatious or harassing in nature ’ ’ and I hold, similarly, that “ the agency’s request that it be permitted to correct some error of judgment or mistake in the record or take additional testimony” (279 App. Div. 395, 397, supra) should be granted. For it is my opinion that, in the circumstances here presented, the court should not foreclose the commission’s efforts, although somewhat tardy, to go more fully into the facts and to arrive at a just determination thereon.
Accordingly, the matter is remitted to the Temporary State Housing Rent Commission, and an order to that effect has been signed and entered.

 In the ease at bar, the respondent’s return has been filed, including the transcript of the testimony.