Charles A. Loreto, J.
This is an application pursuant to article 78 of the Civil Practice Act to review a determination of the State Rent Administrator. The decision affects the eviction of a tenant from a 10-room apartment in the premises 1172 Park Avenue, Manhattan, pursuant to landlord’s application therefor, under section 57 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission, for under-occupancy. The primary question of a sufficient occupancy to prevent an eviction to alter and subdivide the apartment is dependent on the status of petitioner’s part-time maid, traveling-salesman son," and a daughter married to a serviceman, as occupants of the apartment within the meaning of section 57 of the regulations.
Respondent has now determined, after a remand of the proceedings, as ordered by Justice Matthew M. Levy of this *278 court (Matter of 1172 Corp. v. Temporary State Housing Rent Comm., 25 Misc 2d 158), that neither of the foregoing persons are legal occupants of the said apartment, and that the apartment is, therefore, underoccupied. Petitioner contests this decision of the Rent Commission, and also urges that: (1) the court had no right to remand the previous final order of the Rent Commission, which was in petitioner’s favor; (2) good faith in requesting eviction for subdivision of the apartment and financial ability of the landlord have not been shown; (3) in any event, the petitioner is entitled to relocation, pursuant to subdivision e of section 57 of the regulations; and (4) petitioner has filed a petition contesting the constitutionality of section 57, and this proceeding should be stayed pending the Rent Commission’s ruling on that application.
These additional contentions of petitioner, beyond the question of underoccupancy, will be disposed of first:
(1) The lengthy and learned opinion of Mr. Justice Levy correctly decided the question that this court has the power, at any stage of an article 78 proceeding, to remand the proceeding to the determining body to correct an error of judgment or a mistake in the record or to take additional testimony and proof, as was here requested by the Rent Commission (Matter of Schoenstein v. McGoldrick, 279 App. Div. 395, motion for leave to appeal denied 279 App. Div. 906). Upon such a remission, the Rent Commissioner has the authority to reconsider the matter de novo (Matter of Yasser v. McGoldrick, 282 App. Div. 1056, affd. 306 N. Y. 924).
(2) The respondent, as was its right, made a full and proper inquiry into the good faith of the landlord’s plan of subdivision and its ability to finance the alterations. The record is replete with evidence of the landlord’s good faith in this regard and sufficient financial ability was established to comply with the laws (Matter of Mayfair-York Corp. v. McGoldrick, 286 App. Div. 154, motion for leave to appeal denied 286 App. Div. 845).
(3) Respondent found that the rent of the apartment in question, as of its first rental on October 1, 1943, was $216.66 per month. Subdivision e of section 57 of the regulations specifically exempts from the requirement of relocation, tenants whose apartments “ had a maximum monthly rent of $200 or more as of March 1,1943, or the date of first renting thereafter ”.
(4) The petition, contesting the validity of section 57 of the regulations, although verified on February 24, 1960, was first filed with the Rent Commission on June 9, 1960, three weeks after the final order of May 11, 1960, was entered in this case. *279 The validity of the said section is, therefore, not before the court on the present proceeding. Moreover, the commission has 90 days from the date of filing to determine a protest.
On the primary question here involved of sufficient occupancy, petitioner, under the formula adopted by the section (§ 57, subd. a), must show that six persons are occupants of his apartment. Previous conditions relating to the occupancy by particular persons, which occasioned orders in petitioner’s favor in the past, can have no bearing on the present proceeding. An example is petitioner’s son, James, who has now married and has left the family residence. In previous proceedings he was counted as a legal occupant, but, of course, cannot now be so counted. It is conceded that petitioner, his wife, and his student son, Gerald, are all proper occupants. Petitioner need show three more proper occupants to prevent his eviction. Petitioner claims five additional persons as legal occupants of his apartment. Any three of these will suffice to sustain petitioner’s claim. These persons are petitioner’s daughter, Lucy, her husband, who is in military service, their infant child, petitioner’s adult son, George, and a part-time maid, Miss Gilmartin.
Eespondent has held, and rightly so in the court’s opinion, that based on the particular facts concerning each person before it, none were occupants of the apartment as envisioned by the statute. The facts as to the daughter, Lucy, her husband, Lt. Barrett, and their infant son, David, are briefly, as follows: In June, 1957, Barrett was graduated from Yale University and immediately entered the Marine Corps. At that time he had no independent home, but was residing with his family in Connecticut. A member of the armed forces is considered an occupant of his last legal home, unless he has clearly become a legal occupant of a new residence. In December, 1957, Lucy and Lt. Barrett were married, went on a brief honeymoon, and then stayed for a few weeks at subject apartment. This temporary abode for a newly-married couple did not change the husband’s residence, and normally the wife’s domicile is considered to be that of her husband. Thereafter, the couple (and now their infant son) have continually resided together, first in Quantico, Virginia, and now at a Marine base in Hawaii. In August, 1959, the couple and their baby visited and stayed at the subject apartment for a few days, but the family group also stayed at Barrett’s Connecticut home for a few days during the same period. Neither did this brief visit establish either of the three as occupants of the apartment. The expressed intentions of Mr. and Mrs. Barrett to occupy the apartment, when his military *280 service is completed, can have no bearing on the present proceeding, since they cannot now be counted as occupants. (Fondiller v. McGoldrick, N. Y. L. J., May 16, 1952, p. 1975, col. 3.)
Since none of the three members of the Barrett family can be considered as occupants of subject apartment, it matters not whether the respondent erred in not counting the traveling son and the part-time maid as occupants, since even with them, the apartment would only have five occupants instead of the required six. The court does not think the respondent, in any manner, erred as to its conclusions as to the other two. Their cases may be stated briefly.
The son, George, has been employed for the past few years by a New York firm, as its regional representative in Pennsylvania, California and now in Colorado, necessitating his almost continual absence from New York City. He has made only short and infrequent visits to subject premises. He has rented other permanent-type living accommodations from time to time. He was not considered an occupant of the apartment by petitioner himself in an affidavit filed three years ago. He is, at most, a welcome visitor, but certainly not a legal occupant.
In past years, Miss Gilmartin, the cook and maid who sleeps in, was rightfully considered an occupant, as would any full-time, live-in servant, whose primary employment is with the family with whom she works and resides. For the past four or five years, however, Miss Gilmartin has concededly been working from nine to five, five days a week, as a receptionist for an advertising agency. Tenant now pays her $23.50 per week plus room for whatever cooking and maid service she performs. Under such circumstances, Miss Gilmartin has lost the character and requisites of a full-time, live-in maid. Instead, she has become the full-time receptionist who performs services in petitioner’s household in return for a small salary and room and board (see Matter of Freymavm v. Weaver, 8 AD 2d 704, motion for leave to reargue denied 8 A D 2d 782).
The determination of the respondent, on all counts, is fully and substantially supported by the record and the evidence. Respondent’s actions and decisions were neither arbitrary, capricious nor contrary to law. The petition is, therefore, dismissed.