In the Matter of EMBO REALTY CORP., Petitioner, *v.* ROBERT E. HERMAN, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, April 27, 1962.

*Abraham Mandel* for petitioner. *Harold Zucker* and *Carl Holmes* for respondent.

MATTHEW M. LEVY, J. This is an article 78 proceeding instituted by the landlord to rescind the determination of the State Rent Administrator reducing the residential rents in a 20-apartment dwelling and to restore the rents theretofore required to be paid by the tenants. In considering this application, I must strip the papers of the unproved and conclusory allegations of official fraud, political chicanery, administrative oppression and governmental discrimination against this landlord, and of irrelevant matter scattered throughout. Thus viewing the complete record before me, I find in substance the following pertinent facts:

In July, 1961 a multiple tenants' application for decrease in rent was filed. It was based on a number of specified complaints. A physical inspection was had on September 5, 1961, at which the landlord was not present, although given advance notice. As a result of this inspection, the Local Rent Administrator informed the parties of the results of the inspection and of the landlord's obligation " to repair windows and plaster and paint public areas in a workmanlike manner ", and that a failure to comply and notify the local rent office may result in rent reduction, and that the parties would be given an opportunity to present further information and evidence. Thereafter, the Local Rent Administrator caused a new physical inspection to be made of the premises (on Sept. 27, 1961), also upon notice to the landlord, and again the landlord did not appear. The report with respect thereto revealed that some of the complaints were unjustified, that the first and second floors were replastered and painted in a satisfactory manner, that the third, fourth and fifth floors showed no evidence of the needed painting and plastering having been done, that portions of both walls in the vestibule required painting and plastering, and that windows were broken in various parts of the building.

On September 29, 1961, the Local Rent Administrator issued orders decreasing the maximum rents because of " decrease in services (plastering and painting of 3d, 4th and 5th floors and vestibule; broken windows)." The reduction in rent was $1.50 per month for each of the 20 apartments in the building. The maximum rents of the various apartments prior to the reduction ranged from $9.20 to $19.55 per month.

The petitioner landlord, in protesting the orders of reduction of rent, stated in substance that they were not warranted, that the particular repairs alleged not to have been done were not needed, that if repairs were necessary they were of insignificant nature and that they did not warrant the allegedly drastic reductions, and that in fact repairs had been made. As to the matters which are the subject of this proceeding before the court, it appears that tenants have corroborated a part of the landlord's assertion, stating, in paragraph 5 of their answer to the protest: " It is a fact that after the decreases in rent were granted, the Landlord did make some repairs. These so called ' good faith ' repairs have consisted of painting hallways and fixing window panes ".

The Administrator, in his opinion, noted that the landlord offered to submit additional evidence if required to establish that it had made the necessary repairs. But it appears that, in arriving at his affirmative finding and conclusion — that " the repairs not having been made, reductions in the maximum rents are warranted " — the Administrator disregarded the offer of the landlord to submit further proof and the admission of tenants as aforesaid that the hallways were painted and window panes fixed.

It does not follow from this that I should, or that I am empowered to, restore the rents to their earlier amounts. The issue remains whether there have been decreases in plastering, painting and window repair services warranting decreases in the maximum rents of the subject accommodations. Under the circumstances, the application is granted to the extent that the proceedings are remitted to the Rent Administrator for appropriate inquiry and action. " As an indication as to how far the Legislature has gone in its desire to keep inviolate the smooth and appropriate functioning of the present administrative machinery, I need but point to that section (Emergency Housing Rent Control Law, § 9, subd. 1, ' Judicial Review '; L. 1946, ch. 274, as amd.) which provides that even were new or additional evidence sought to be presented to the court in this proceeding, and the court determined that such evidence should be admitted, it is for the commission — not the court — to decide whether that evidence should be presented to the Judge or in the first instance to the administrator " (*Matter of La Fontaine Props.* v. *McGoldrick;* 200 Misc. 518, 520).

It is thus for the Administrator to resolve the facts after full inquiry and to make his determination. It is not for the court in this proceeding — as requested by the petitioner — to take proof as to the condition of the dwelling. " To hold otherwise

[here, as in other situations] would disrupt the mechanics sought to be established by the present statutory setup, and would unduly burden the court in cases where appropriate relief is available under the administrative process." (*Matter of La Fontaine Props.* v. *McGoldrick, supra,* pp. 519–520.)