Charles A. Loreto, J.
This is an action pursuant to section 473 of the Civil Practice Act to declare the rent control statute (Emergency Housing Rent Control Law, § 9, subd. 1; L. 1946, ch. 274, as amd.) unconstitutional insofar as it allows unlimited review by the Rent Commission of its own orders, in the absence of fraud, illegality and other vital defects, on the ground that it causes uncertainty in the law and is in conflict with article VI of the New York State Constitution.
Defendant now moves to dismiss the complaint, contending that it fails to state facts sufficient to constitute a cause of action pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice and also upon an annexed affidavit, pursuant to section 473 of the Civil Practice Act and rule 212 of the Rules of Civil Practice, for an order of the court, in its discretion, declining jurisdiction to entertain the subject action for declaratory judgment.
By cross motion plaintiff moves to expunge the affidavit of Weisenberg upon the ground that no affidavit may be used on a motion to dismiss the complaint under subdivision 4 of rule *508 106 or rule 212 of the Buies of Civil Practice; plaintiff also cross-moves for summary judgment. This cross motion is granted.
Although the plaintiff argues that the commission should not have unlimited power to review and reconsider its own determination, the complaint refers to a reconsideration upon the order of this court. (Matter of Schoenstein v. McGoldrick, 279 App. Div. 395.)
Plaintiff’s attorneys challenge the right of the State Bent Commission to unlimited review of its orders, contending that it is violative of fundamental law in that there possibly would be no finality to its orders and, moreover, such action would displace the judiciary in violation of the Constitution. Conceding its right to review for fraud, irregularity or illegality, they ardently contest “ the Commission’s right to reconsider ” ad infinitum.
There is much merit to this argument as an argument, for if an administrative agency were to have the power to reconsider and review without limit, there never would be an end to administrative procedure or litigation (Matter of Cupo v. McGoldrick, 278 App. Div. 108, 112). If such were the case, it would present an intolerable situation, the creation and existence of a domain in law separate and sovereign, escaping or free from any restraint or check by the judiciary of frustrating oppressive and lawless conduct, as is here charged. If it be said that the grant of such power to the commission can be read in the statute, to that extent the statute would be declared violative of the constitutional right of the aggrieved pary. But the court does not find such unlimited reviewing power lodged in the commission either by statute or through any other source.
Moreover, the chronology of what has occurred before the commission does not afford a basis for the exaggerated argument. In part, what seems to be protracted is the result of court proceedings which plaintiffs had a right to take in the matter. It is true, however, that in one instance, and on February 6, 1962, the commission acted inappropriately, if not indiscreetly — its attorney states “unfortunately” — while the ease was under review on appeal to the Appellate Division, in issuing another order denying de novo the sought certificate of eviction. On March 5, 1962, the Appellate Division issued its decision stating (15 A D 2d 878): “If, for any reason, the latest order of the Bent Commission does not permit such complete review because of any purported principles preventing the administrative agency from reviewing its prior determination the matter may be judicially remanded to the Bent Commission for such *509 complete review so that an ultimate judicial review of the entire issue may be comprehended ”.
Thereafter and on April 16, 1962, over plaintiff’s protest, an order of this court directed a remission for further consideration by the commission. On May 1, 1962 the City Rent and Rehabilitation Administrator succeeded to the State Rent Commission’s jurisdiction (L. 1962, ch. 21; Local Laws, 1962, No. 20 of City of New York), and as yet the Administrator has not issued her determination in the matter.
The proceeding's before the commission should now be brought to an end with all practical dispatch. If less is done, it might well reflect to its discredit.
As the plaintiff’s application for a certificate is now before the commission pursuant to court order, such power inherently residing in the court even without statutory grant (Matter of Schoenstein v. McGoldrick, 279 App. Div. 395, supra), this suit for declaratory judgment will not he entertained.
The motion to dismiss the complaint is accordingly granted.