James J. Crisona, J.
This is an application to review and thereupon annul respondent’s denial of petitioner’s protest against an order of the Local Bent Administrator which denied petitioner’s application for a certificate of eviction pursuant to subdivision a of section 55 of the New York City Bent, Eviction and Behabilitation Begulations.
Subdivision a of section 55 provides, with certain qualifications not here pertinent, that “ A certificate shall be issued where the landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family ”.
In her application to the Local Bent Administrator petitioner stated that occupancy of the subject accommodation is sought for her mother, father and brother who reside together in New York County, on the ground that her mother is presently unable to care for herself and the other two persons as a result of an eye condition.
The Local Bent Administrator, in finding that petitioner lacked good faith, indicated, among other things, that her application for eviction was merely in retaliation for prior complaints by the tenant respecting decreases in services. Petitioner contends that the Local Bent Administrator’s finding of lack of good faith was necessarily a determination that an “ immediate and compelling necessity ” for the relief sought did exist, and that on protest respondent was thereby precluded from passing upon the question of necessity. In the opinion of the court the contention that respondent was so precluded lacks merit, assuming arguendo that the requirements of ‘1 good faith ’ ’ and ‘ ‘ immediate and compelling necessity” are actually separate requirements and that the Local Bent Administrator necessarily determined that the requisite necessity did exist. (See Matter of La Fontaine Props. v. McGoldrick, 200 Misc. 518, 519.) In any event respondent’s determination was based upon a finding of lack of good faith as well as a finding of the absence of necessity.
Petitioner’s next contention, i.e., that Matter of Reres v. Gabel (19 A D 2d 724) requires the granting of the instant application is without merit. In that case the Appellate Division of this Department determined merely that the availability of other accommodations is not, in and of itself, a sufficient basis for dismissal of an application for a certificate of eviction. The court expressly stated that such availability may be considered *143 as bearing upon the issue of whether an owner honestly intends to repossess for his own use, and the record on appeal indicates that the vacant apartment was not suited to the needs of the applicant.
Petitioner further states that the “ Order and Opinion Denying Protest ” does not contain some of the proof offered at the conference before respondent in support of her claim that she actually did travel daily to her mother’s residence to care for her. Although such proof does not so appear, petitioner’s statement would seem inappropriate since respondent found that (a) her mother’s condition has now been sufficiently relieved and (b) there is no other basis for petitioner’s claim that her mother, father and brother now require the larger quarters comprising the subject accommodation. Petitioner does not now contend that .such findings were unwarranted under the standard set forth in the above-quoted regulation.
Under the circumstances it does not appear that respondent’s determination was arbitrary or capricious. The application is denied and the petition dismissed.