John L. Larkin, J.
The Town of Poughkeepsie application, filed with the Water Resources Commission, Department of Conservation, in 1967, sought approval of a source of water supply from the City of Poughkeepsie, .and of its financial and engineering plans for the establishment of a Town of Poughkeepsie water improvement area. Hearings were held on that application. The City of Poughkeepsie did not formally appear in the proceedings before the Water Resources Commission. The Water Resources Commission, by decision of March 5, 1968, stated, inter alia: “ C. Unless the works authorized by this decision shall have been fully completed by March 1, 1971 or within such extended time as may have been applied for and granted by the Commission, then and on that date this decision shall be deemed to have lapsed and to be of no further force and effect.”
*291 On February 14, 1972, the Town of Poughkeepsie applied to the Department of Environmental Conservation, which had succeeded and replaced the Water Resources Commission on July 1,1970, for a modification of the original decision to change condition C quoted above. That application was made 11 months after the date of March 1, 1971, when the decision of the commission, in their words, “ shall be deemed to have lapsed and be of no further force and effect ”.
Thereupon, and in February, 1972, the Department of Environmental Conservation issued a modifying decision extending the completion date to December 31, 1972. On April 10, 1972, on application of the Town of Poughkeepsie, the Department of Environmental Conservation issued its approval of completed works.
It is on this set of facts that the City of Poughkeepsie seeks an order annulling the determination of the Department of Environmental Conservation approving the completed works (Conservation Law, former § 480). It is on this set of facts that the City of Poughkeepsie brings this article 78 proceeding in Supreme Court, Albany County, seeking to annul and vacate the act of Henry L. Diamond as Commissioner in approving the completed works.
The Water Resources Commission of the State of New York was abolished July 1, 1970 and replaced by the Department of Environmental Conservation, which was authorized by the Legislature of the State of New York, to complete any unfinished business of the Water Resources Commission (ECL, § 75 et seq., as added by L. 1970, ch. 140, § 2).
Essentially, in this article 78 proceeding, the petitioner, City of Poughkeepsie, alleges that the decision of March 5, 1968 of the Water Resources Commission had lapsed by its own order and had no force and effect as of March 1, 1971 and, therefore, the approval of the completed works was illegal because the modification of February 29, 1972 was without any authority, without notice, and according to the City of Poughkeepsie was void.
The respondent, Henry Diamond, moves pursuant to CPLR 7804 (subd. [f]) to dismiss as a matter of law, and in support thereof alleges that the City of Poughkeepsie has neither legal capacity nor standing to maintain the article 78 proceeding, since it has failed to file a notice of appearance and participate in the underlying administrative proceedings and it is neither legally aggrieved nor legally interested in the terms and conditions of the administrative determination.
*292 The respondent, Henry Diamond, relies on subdivision (1) of section 432 of the Conservation Law, which stated: “ The applicant or any person or public corporation, who or which has filed a notice of appearance in the proceedings before the Commission and is affected by a decision made pursuant to this article, may review such decision under the provisions of article 78 of the civil practice law and rules. ’ ’
It is conceded that the petitioner did not file a notice of appearance nor participate in the underlying administrative hearing before the Water Resources Commission. Although subdivision (1) of section 432 of the Conservation Law has since been repealed and is now replaced by section 15-0905 of the Environmental Conservation Law, it is interesting to note that the legislative determination in that regard remains the same. Subdivision 1 of section 15-0905 of the Environmental Conservation Law, in pertinent part, states: “ 1. The applicant or any person or public corporation, who or which has filed a notice of appearance in the proceedings before the department and is affected by a decision made pursuant to this article, may reveiw such decision under the provisions of article 78 of the Civil Practice Law and Rules. ’ ’ (See, also, Matter of Markert v. Wilson, 284 App. Div. 1086; Matter of Littlefield-Alger Signal Co. v. County of Nassau, 40 Misc 2d 948.)
The Town of Poughkeepsie and the City of Poughkeepsie executed a contract in August, 1967 for the sale of water from the City of Poughkeepsie to the Town of Poughkeepsie. That contract is now the subject of an action for a declaratory judgment in Supreme Court, Dutchess County. The City of Poughkeepsie alleges the contract is illegal because the city is selling water to the Town of Poughkeepsie under that contract at less than cost. That matter for declaratory judgment has been adjourned from time to time and, at this court’s latest inquiry, it was advised the matter was still pending in that jurisdiction. The City of Poughkeepsie alleges in the instant proceeding that the agreement between the city and the town for the sale of water “is the subject of the proceedings before the Water Resources Commission and the Department of Environmental Conservation, which are the subject of this Article 78 proceeding”. The city alleges that the Department of Environmental Conservation had the authority to determine that the proposed plans were £ £ just and equitable to other municipalities affected thereby and to the inhabitants thereof” and, therefore, the City of Poughkeepsie does have a substantial interest in the proceedings sought to be reviewed in this article 78 proceeding. *293 However, the decision of the Water Resources Commission (water supply application No. 5488, Town of Poughkeepsie water improvement areas) specifically negated that question in its decision, for in' that decision the commission said: “21. The Commission considers that the questions raised by the objector as to the present and future rates and charges for water service contained in the contract between the city and the town are not matters subject to the jurisdiction of this Commission.”
In addition, this court finds without merit the argument of the City of Poughkeepsie that the decision of the Wafer Resources Commission was null and void. The Water Resources Commission made a decision on March 5, 1968 and there stated that unless the works authorized were fully completed by March 1, or within such extended time as may be applied for and granted, then its decision shall be deemed to have lapsed and be of no further force and effect. The application to extend it did not come from the town until after March 1 and the city alleges that the decision had lapsed and was of no force and effect.
That date set by the commission is an arbitrary date based upon its evaluation of the time required and may be changed by it upon application. It is a decision which can be modified. There are many reasons why a water works authorized by the commission could not be fully completed on a date given in its decision.
A certain degree of continuing jurisdiction for reconsideration and review is necessary in order that the agency may function efficiently and render substantial justice to the parties concerned. (Matter of 1172 Corp. v. Temporary State Housing Rent Comm., 25 Misc 2d 158.)
It is the determination of this court that the Water Resources Commission had the right to change the date for the completion of the works, if it saw fit to do so. For these and other reasons set forth herein, the petition of the City of Poughkeepsie is dismissed and the motion of the respondent, Henry L. Diamond, is granted.