■ In the Matter of ALAN WIENER et al., Appellants, v DANIEL W. JOY, as Commissioner of the New York City Office of Rent and Housing Maintenance, Department of Housing Preservation and Development, Appellant, and SHUI SHANG HA, Respondent. — Order and judgment (one paper), Supreme Court, New York County (Martin Evans, J.), entered October 5, 1983, which: (1) denied and dismissed the petition; and (2) denied the cross motion of the respondent Commissioner of the New York City Office of Rent and Housing Maintenance, is unanimously reversed, on the law, the facts and in the

exercise of discretion, judgment is vacated, petition is reinstated, respondent Commissioner's cross motion is granted and the proceeding remitted to the Commissioner for further proceedings, without costs. ¶ Shui Shang Ha (Ha) is the landlord of a five-apartment building located at 61 Second Avenue, Manhattan. On December 13, 1979, landlord Ha submitted two eviction applications under section 55 of the New York City Rent Regulations, which sought to recover possession of two apartments in this building for the use of himself, his wife, two daughters, a son and his mother. Thereafter, the District Rent Director granted these applications and the tenants filed protests with the Commissioner of the New York City Office of Rent and Housing Maintenance (Rent Commissioner). In a consolidated order and opinion, issued on April 12, 1983, the Rent Commissioner denied both protests and found that the landlord's applications were made in good faith and that there was an immediate and compelling necessity for the use and occupancy of the apartments. ¶ After the Rent Commissioner's action, the tenants instituted a CPLR article 78 proceeding to annul that determination. With the consent of the petitioners, the respondent Rent Commissioner moved by notice of cross motion to have the matter remitted to his agency for further consideration, as a result of new and material facts that occurred subsequent to the affirmance of the issuance of the certificates of eviction. This contention is supported by affidavits from the Rent Commissioner. These affidavits raise an issue as to whether there is an absence, at this time, of good faith in the landlord's eviction applications. Respondent landlord opposed. ¶ Special Term denied the petition and cross motion. We disagree and hold that Special Term abused its discretion. Our review of this case leads us to conclude that remission "is necessary in order that the agency may function efficiently and render substantial justice to the parties concerned" (*Matter of Schoenstein v McGoldrick,* 279 App Div 395, 397). Thus, we grant the cross motion. Concur — Ross, J. P., Asch, Bloom, Lynch and Kassal, JJ.