Matter of Gittens v State Univ. of N.Y. (2018 NY Slip Op 01253)





Matter of Gittens v State Univ. of N.Y.


2018 NY Slip Op 01253


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5786 100890/13

[*1]In re Darren Gittens, Petitioner-Appellant,
v
State University of New York, et al., Respondents-Respondents.


Daren J. Rylewicz, Albany (Constance R. Brown of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York (Philip V. Tisne of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 23, 2017, granting petitioner's motion for reargument of an order and judgment, same court and Justice, entered June 20, 2016, which, inter alia, granted the petition to the extent of remanding the proceeding to respondents for a hearing of petitioner's wrongful termination claim pursuant to the parties' collective bargaining agreement, and upon reargument, revised and clarified the order and judgment to direct that the hearing, permitting petitioner and his union representative to explain why he should not be terminated, be conducted before the management of respondent SUNY Downstate Medical Center (DMC), instead of an arbitrator, pursuant to the parties' "last chance" probationary agreement (LCA), unanimously dismissed, without costs.
An appeal as of right does not lie from an order in an article 78 proceeding remanding a matter to an agency for further nonministerial proceedings (see Matter of Leung v Department of Motor Vehs. of State of N.Y., 65 AD2d 736 [1978]; CPLR 5701[b],[c]), and we decline to grant leave to appeal nostra sponte in the interest of justice.
Were we to entertain the appeal, we would find that Supreme Court providently exercised its discretion in remanding the matter to DMC for further consideration (see Matter of Wiener v Joy, 100 AD2d 800, 801 [1984]) pursuant to the LCA. Remand is appropriate to afford petitioner administrative review and enable ultimate judicial review in the light of a complete record (see Matter of Porter v New York State Div. of Hous. & Community Renewal, 51 AD3d 417, 418 [2008], lv denied 11 NY3d 703 [2008]; see Matter of 47 Clinton St. Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 402, 403 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK